TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
JOSHUA J. WES SBN 238541
joshua.wes@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendants
ETHICON, INC., ETHICON LLC and
JOHNSON & JOHNSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PATRICIA ANN HILDERBRAND, an individual, CLINTON RONALD HILDERBRAND, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION; JOHNSON & JOHNSON; ETHICON, INC., ETHICON LLC; and DOES 1 through 100,<br><br>Defendants. | **CASE NO.**: 2:17-cv-06975<br><br>[Removal of Superior Court of California, Case No. S-1500-CV-280401, Pending in JCCP 4733, Los Angeles Superior Court]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANTS ETHICON, INC., ETHICON LLC, AND JOHNSON & JOHNSON; DEMAND FOR JURY TRIAL**<br><br>Second Amended Complaint Filed: January 11, 2017<br>Severance Order Entered: August 24, 2017<br><br>[Filed concurrently with Declaration of Joshua J. Wes, Certification as to Interested Parties, and Notice of Related Cases and Pendency of Other Action or Proceeding] |

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

1284603.1

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson ("Removing Defendants") remove civil action number S-1500-CV-280401 as to Defendants Boston Scientific Corporation, Ethicon, Inc., Ethicon LLC, and Johnson & Johnson from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. The two California resident physician defendants, Hung T. Luu, M.D. and Paul S. Singh, D.O., were severed from the action on August 24, 2017, and their severed action remains in Los Angeles Superior Court. The United States District Court for the Central District of California has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) and 1441 *et seq*. because there is complete diversity among all remaining properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

In support of removal, Removing Defendants further state:

1. On October 1, 2013, Patricia Ann Hilderbrand and Clinton Ronald Hilderbrand ("Plaintiffs"), who are residents and citizens of the State of California, filed a Complaint in the Superior Court of the State of California, County of Kern, entitled *Hilderbrand, et al. v. Boston Scientific Corporation, et al.*, S-1500-CV-280401, naming two California physician defendants and five non-resident defendants. *See* Declaration of Joshua J. Wes, Exhibit A, Summons and Complaint.

2. On April 30, 2014, Defendant Ethicon Ltd. was dismissed without prejudice. *See* Wes Decl., Exhibit A, Notice of Entry of Order on Plaintiffs' Stipulation re Dismissal Without Prejudice as to Defendant Ethicon Ltd.

3. On June 19, 2014, Plaintiffs filed a First Amended Complaint. *See* Wes Decl., Exhibit A, First Amended Complaint.

4. On September 30, 2014, the action was transferred and ordered to be coordinated in Judicial Council Coordinated Proceeding ("JCCP") No. 4733 in Los Angeles, which had been established for the statewide coordination of cases asserting

claims for damages and injuries arising out of pelvic mesh products of certain pelvic mesh manufacturers, including Boston Scientific Corporation. *See* Wes Decl., Exhibit A, Notice of Order Granting Petition for Coordination as Add-On to JCCP 4733 and Staying Included Actions. The September 30, 2014 order transferring this case to JCCP No. 4733 also stayed the case until further order of the court. The case remained stayed until June 13, 2016. *See id.* ¶ 5.

5. On June 13, 2016, the JCCP court lifted the plenary stay in those cases involving Defendant Boston Scientific Corporation and any physician co-defendants, including the *Hilderbrand* case. On August 3, 2016, the court set an initial pretrial discovery schedule for such cases. *See* Wes Decl., Exhibit A, Notice of Rulings from June 13, 2016 Hearing and Notice of Rulings from August 3, 2016 Hearing.

6. On January 11, 2017, Plaintiffs filed a Second Amended Complaint. *See* Wes Decl., Exhibit A, Second Amended Complaint ("Second Am. Compl.").

7. On May 16, 2017, the court entered a revised pretrial discovery schedule specific to the *Hilderbrand* case. *See* Wes Decl., Exhibit A, Stipulation and Order Regarding Pretrial Deadlines for Initial Doctor Defendant Trial.

8. Prior to the plenary stay, the parties exchanged written discovery. Subsequent to the lifting of the plenary stay, the parties exchanged additional written discovery and the depositions of plaintiffs Patricia Ann Hilderbrand and Clinton Ronald Hilderbrand were taken. No other depositions have been taken. Wes Decl. ¶ 9.

9. On August 24, 2017, the Los Angeles Superior Court severed the claims against the California physician defendants from the claims against the remaining defendants and stayed both this action and the newly severed action. See Wes Decl., Exhibit A, Notice of Rulings from August 24, 2017 Hearing ("Notice of Rulings on Motion to Sever and Stay Action").

10. Thus, as of August 24, 2017, the remaining defendants in this action are Boston Scientific Corporation, Ethicon, Inc., Ethicon LLC, and Johnson & Johnson. Wes Decl. ¶ 11.

11. Plaintiffs allege that on July 9, 2010, Ms. Hilderbrand was implanted with (a) the Obtryx Transobturator Mid-Urethral Sling System ("Obtryx System"), designed, manufactured, tested, marketed, advertised, promoted, distributed, and sold by Defendant Boston Scientific Corporation, and (b) the Gynecare Prolift Total Pelvic Floor Repair System ("Gynecare Prolift System"), designed, developed, manufactured, marketed, advertised, promoted, distributed, and sold by Ethicon, Inc., to treat her stress urinary incontinence and anterior and posterior colporrhaphy for rectocele and cyctocele. Second Am. Compl. ¶¶ 12, 15, 25, 26, 37. Johnson & Johnson does not design, develop, manufacture, market, advertise, promote, distribute, or sell any product or service. Plaintiffs allege that as a result of the implantation of the Obtryx System and the Gynecare Prolift System, Ms. Hilderbrand "suffered and will continue to suffer serious, debilitating and permanent injuries and damages, including great mental and physical pain and suffering," and "severe scarring and erosion." *Id.* ¶¶ 51, 69. Mr. Hilderbrand alleges he suffered a loss of consortium as a result of his wife's alleged injuries. *Id.* ¶ 102.

12. This case is similar to thousands of other federal cases involving mesh products manufactured by Boston Scientific Corporation, which have been transferred to a Multidistrict Litigation ("MDL") proceeding in the United States District Court for the Southern District of West Virginia. *See In re: Boston Scientific Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012) (establishing MDL No. 2326) ("Boston Scientific Corporation MDL").[1] Accordingly, upon removal, Defendants shall promptly request that the United States Judicial Panel on Multidistrict Litigation ("JPML") transfer this action to the Boston Scientific Corporation MDL pursuant to the "tag-along" procedure contained in the JPML Rules. *See* 28 U.S.C. § 1407.

---

[1] A separate MDL proceeding comprised of thousands of federal cases involving pelvic mesh products manufactured by Defendant Ethicon, Inc. is also pending in the Southern District of West Virginia. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012) (establishing MDL No. 2327 ("Ethicon MDL")).

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

13. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Amount in Controversy Requirement Is Satisfied.

14. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2]

15. It is facially evident from the Complaint and Plaintiffs' Statement of Damages that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001). In the event a defendant's amount-in-controversy allegation is questioned, the court must provide the parties with an opportunity to submit evidence and then decide whether the

---

[2] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

preponderance of that evidence shows that the amount in controversy is met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *accord. Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (explaining that a district court has no authority to remand a removed action *sua sponte* based on a purported procedural defect in the notice of removal); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (same).

16. Plaintiff Patricia Hilderbrand's Statement of Damages served with the original complaint asserts damages of $10,000,000 for pain, suffering, and inconvenience, $250,000 for medical expenses to date, and $5,500,000 for future medical expenses.  *See* Wes Decl., Exhibit A, Statement of Damages of Plaintiff Patricia Hilderbrand.  Plaintiff Clinton Hilderbrand's Statement of Damages served with the original complaint asserts damages of $5,000,000 for loss of consortium.  *See* Wes Decl., Exhibit A, Statement of Damages of Plaintiff Clinton Hilderbrand.

17. Moreover, this is an action for personal injuries allegedly caused by Defendants' pelvic mesh products.  Second Am. Compl. ¶¶ 12, 15, 25, 26, 37.  Plaintiffs' Second Amended Complaint asserts six causes of action against the remaining Defendants under theories of strict liability failure to warn, negligence, breach of implied warranties, deceit by concealment, negligent misrepresentation, and loss of consortium.  *Id.* ¶¶ 46-83, 99-102.

18. Plaintiffs allege that Ms. Hilderbrand "suffered and will continue to suffer serious, debilitating and permanent injuries and damages, including great mental and physical pain and suffering, all to her general and special damage in a sum in excess of the jurisdictional minimum of this Court."  *Id.* ¶ 51.  Plaintiffs further allege that Ms. Hilderbrand suffered "severe scarring and erosion," *id.* ¶ 69, and that Mr. Hilderbrand "suffered and will continue to suffer the loss of love, companionship, affection, solace, moral support, comfort, care, protection, society, and physical assistance in the operation and maintenance of the home, all to his damage in an amount within the jurisdiction of

this Court." *Id.* ¶ 102. Plaintiffs seek general, special, and punitive damages. *See id.* p. 23, Prayer.

19. It is plain based on these allegations that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) (finding amount in controversy established by "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework").

20. In addition, Plaintiffs seek punitive or exemplary damages. Second Am. Compl. ¶ 77 and p. 23. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

21. Moreover, cases brought by other plaintiffs alleging similar severe pain, infection, and corrective surgeries have resulted in verdicts in excess of $75,000.00, exclusive of interest and costs. *See* Wes Decl. ¶ 12, Exhibits B and C. Given the similarity between the injuries alleged in other cases and the injuries alleged by Plaintiffs here, and based on defense counsel's experience defending products liability actions, it is facially evident from the Complaint that Plaintiffs have alleged damages in excess of $75,000.00, exclusive of interest and costs.

22. In short, considering Plaintiffs' Statements of Damages, the nature of the injuries Plaintiffs allege, and their request for compensatory and punitive damages, it is clear that the amount-in-controversy requirement is met.

**B.** **Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants.**

23. None of the remaining Defendants is a citizen of the same state as Plaintiffs. Complete diversity therefore exists under 28 U.S.C. § 1332(a).

24. Plaintiffs Patricia Ann Hilderbrand and Clinton Ronald Hilderbrand are citizens of California. Second Am. Compl. ¶ 1.

25. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Boston Scientific Corporation is a citizen of the States of Delaware and Massachusetts because it is incorporated in the State of Delaware and has its principal place of business in Marlborough, Massachusetts. Wes Decl. ¶ 13.

26. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in New Brunswick, New Jersey. Wes Decl. ¶ 14.

27. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in Somerville, New Jersey. Wes Decl. ¶ 15.

28. Defendant Ethicon LLC is a limited liability company organized under the laws of the State of Delaware. Wes Decl. ¶ 16. For the purpose of determining diversity under 28 U.S.C. § 1332, a limited liability company such as Ethicon LLC is a citizen of each state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006); *see also GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting cases). The sole member of Ethicon LLC is Ethicon Holding Sarl, which is a business entity organized under the laws of Switzerland. If Ethicon Holding Sarl is viewed as a corporation, it is organized under the laws of Switzerland with its principal place of business in Neuchatel, Switzerland. If Ethicon Holding Sarl is viewed as an LLC, Ethicon Holding Sarl's sole member is Ethicon PR Holdings, which is a private unlimited company organized under the laws of Ireland with its principal place of business in County Cork, Ireland. *See* Fed. R. Civ. P. 44.1. Thus, Ethicon LLC's sole member, Ethicon Holding Sarl, is either a citizen of

Switzerland or a citizen of Ireland for purposes of determining its citizenship under 28 U.S.C. § 1332.  Wes Decl. ¶ 16.

29.  Defendant Hung T. Luu, M.D., a citizen of the State of California, is no longer a party to this action, having been severed on August 24, 2017.  *See* Second Am. Compl. ¶ 7; Wes Decl., Exhibit A, Notice of Rulings on Motion to Sever and Stay Action.

30.  Defendant Paul S. Singh, D.O., a citizen of the State of California, is no longer a party to this action, having been severed on August 24, 2017.  *See* Second Am. Compl. ¶ 8; Wes Decl., Exhibit A, Notice of Rulings on Motion to Sever and Stay Action.

31.  The citizenship of the Doe Defendants are not considered for purposes of determining diversity jurisdiction, as these are fictitious Defendants.  *See* 28 U. S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

## C. The District Court Has Equitable Authority to Retain Jurisdiction As Defendants Removed Promptly Once Complete Diversity Was Present.

32.  Removal is timely because this Notice of Removal is filed within 30 days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  *See* 28 U.S.C. § 1446(b)(3); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking."); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (Section 1446(b) "expressly grants an additional thirty days from the time that a defendant discovers that the case has become or always has been removable.").  Specifically, the Notice of Removal is filed within 30 days of the August 24, 2017 order severing the California resident physician defendants from this action.

33. Where removal is effected by Defendants within 30 days of learning that there was complete diversity, federal courts retain authority to find removal more than one year after commencement of the action proper even in the absence of a finding of bad faith under 28 U.S.C. § 1446(c)(1).[3] *See Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) ("the time period for removal begins to run only after complete diversity occurs and [] plaintiffs' delay in dismissing one of the defendants did not defeat removal.") (citing *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, (1889)).[4]

34. While the Federal Courts Jurisdiction and Venue Clarification Act of 2011 codified the Fifth Circuit's equitable exception to the 28 U.S.C. § 1446(c)(1) one-year limitation period as set forth in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), *see* H.R. Rep. No. 112-10, at 15 (2011), this does not pretermit the ability of a district court to find that other equitable exceptions exist that warrant a finding that removal is proper. *See id*. Indeed, the Supreme Court has held that a "true construction" of the removal statute can lead to the conclusion that a case otherwise not removable under the statute is, in fact, timely removed because while there may not have been complete diversity when the suit was filed, there was complete diversity at the time of removal. *See Powers*, 160 U.S. at 99-102. Removal may be upheld in such circumstances even in the absence of a finding that removal-defeating parties were fraudulently joined. *See id.* at 102.

---

[3] 28 U.S.C. § 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

[4] Under binding Ninth Circuit precedent, a district court has no authority to remand a removed action *sua sponte* based on a purported procedural defect in the notice of removal. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003). Consistent with this prohibition, a court may not *sua sponte* remand a plaintiff's action based on a defendant's purported untimely removal. *See Smith*, 761 F.3d at 1045 ("a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s one year-time limitation absent a timely filed motion to remand").

35.     Moreover, courts have held that bad faith is not a requirement for a federal court to exercise its equitable authority.  "[G]iven the very nature of the term 'equitable' in the equitable exception doctrine means fairness, malfeasance is not necessarily required to utilize the exception.  Giving the benefit of the doubt to both parties, it appears equitable and in the interest of justice and judicial economy to allow Defendants to remove the case to federal court since there is now no dispute that there is diversity of citizenship and an amount in controversy in excess of $75,000."  *Dufrene v. Petco Animal Supplies Stores, Inc.*, 934 F. Supp. 2d 864, 870 (M.D. La. 2012).  Furthermore, the United States Supreme Court and Ninth Circuit recognize that "[t]ime requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.'"  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *see also Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939 (9th Cir. 2009) (citing approvingly to *Irwin's* equitable tolling analysis).  For example, equitable tolling is appropriate where a party pursues its rights diligently, but some circumstances beyond the party's control stands in its way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *In re B. Del C.S.B.*, 559 F.3d 999, 1014 (9th Cir. 2009).

36.     Based on equitable considerations, the one-year time limit does not bar removal because, without limitation, Removing Defendants diligently pursued their rights and promptly removed this action once complete diversity was present upon severance of the California physician defendants.[5]  Now that those claims are severed and complete diversity exists, judicial economy and efficiency are best served by permitting this action

---

[5] California district courts have stated a preference for removal after a severance is obtained in state court rather than first removing based on misjoinder and asking the federal court to sever.  *See e.g.*, *Osborn v. Metro Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004) (stating that in the court's judgment, "the last thing the federal courts need is more procedural complexity [and concluding] that the better rule would require [misjoinder to be resolved] in state court, and then, if that court severed the case and diversity then existed, [] seek removal of the cause to federal court."); *Goodwin v. Kojian*, No. SACV 13-325-JST JPRX, 2013 WL 1528966, at *5 (C.D. Cal. Apr. 12, 2013) ("[T]he better and most efficient course of action would have been [] to seek relief from the alleged misjoinder in state court, 'and then, if that court severed the case and diversity then existed, [] seek removal of the cause to federal court.'") (quoting *Osborn*, 341 F. Supp. 2d at 1127).

11
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

1284603.1

to transfer to the MDL proceeding established for coordinated pretrial proceedings in product liability actions involving Defendants' pelvic mesh products. *See* Transfer Order, MDL Nos. 2326 and 2327, *In re: Boston Sci. Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012) (granting centralization of MDL 2326 for Boston Scientific Corporation pelvic mesh products and centralization of MDL 2327 for Ethicon pelvic mesh products.). This case was stayed for an extended period of time by the JCCP court because it involved multiple manufacturer defendants and physician co-defendants, while only single manufacturer cases without physician co-defendants were designated for bellwether case work-up. *See* Wes Decl. ¶ 5. The only case work-up conducted to date is written discovery and depositions of plaintiffs. *See id*. ¶ 9. The vast majority of pretrial discovery, including, without limitation, treating physician depositions, family member depositions, other third party witness depositions, and expert discovery still remains to be done. *See id*. ¶ 10. The parties will benefit from related discovery already conducted in the MDL court and the MDL judge's experience overseeing thousands of similar pelvic mesh cases. In sum, this court has equitable authority to uphold removal.

## II. REMOVING DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

37. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Removing Defendants, including the Second Amended Complaint and coordination pleadings, are attached as Exhibit A to the Declaration of Joshua J. Wes.

38. Los Angeles County, California, is located within the Central District of California, Western Division, *see* 28 U.S.C. § 84(c)(2), and venue for this action is proper in this Court because the Central District of California, Western Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

39. Defendant Boston Scientific Corporation, by and through its attorney Eva M. Weiler, consents to this Notice of Removal.

40. Defendants Hung T. Luu, M.D., and Paul S. Singh, M.D., were severed pursuant to the August 24, 2017 order of the Los Angeles Superior Court and, therefore, their consent is not required.

41. No previous application has been made for the relief requested herein.

42. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

43. Removing Defendants will promptly file a copy of this Notice with the Clerk of Court in the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

44. By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or to seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

WHEREFORE, Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson give notice that the matter bearing civil action number S-1500-CV-280401 as to Defendants Boston Scientific Corporation, Ethicon, Inc., Ethicon LLC, and Johnson & Johnson currently pending in the Superior Court of the State of California, County of Los Angeles, as part of JCCP 4733, is removed to this Court pursuant to 28 U.S.C. §§ 1441 *et seq*. Removing Defendants request that this Court retain jurisdiction for all further proceedings in this matter until such time as it is transferred to the Boston Scientific Corporation MDL.

/ / /

/ / /

/ / /

/ / /

DATED: September 21, 2017   Tucker Ellis LLP

By: */s/ Joshua J. Wes*
Joshua J. Wes
Attorney for Defendants
ETHICON, INC., ETHICON LLC, and
JOHNSON & JOHNSON

## **DEMAND FOR JURY TRIAL**

Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson hereby demand trial by jury in this action.

DATED: September 21, 2017   Tucker Ellis LLP

By: */s/ Joshua J. Wes*
Joshua J. Wes
Attorney for Defendants
ETHICON, INC., ETHICON LLC, and
JOHNSON & JOHNSON

14
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

1284603.1

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **September 21, 2017**, I served the following: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANTS ETHICON, INC., ETHICON LLC, AND JOHNSON & JOHNSON; DEMAND FOR JURY TRIAL** on the interested parties in this action by:

(X) **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X) **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, addressed as follows:

| | |
|---|---|
| R. Rex Parris, Esq.<br>Jason P. Fowler, Esq.<br>Ryan K. Kahl, Esq.<br>PARRIS LAW FIRM<br>43364 10th Street West<br>Lancaster, CA 93534 | *Attorneys for Plaintiffs Patricia Ann Hilderbrand and Clinton Ronald Hilderbrand* |
| Eva M. Weiler, Esq.<br>Brian P. Ziska, Esq.<br>SHOOK HARDY & BACON LLP<br>Jamboree Center<br>5 Park Plaza, #1600<br>Irvine, CA 92614-2546 | *Attorneys for Defendant Boston Scientific Corporation* |

for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **September 21, 2017**, at Los Angeles, California

*/s/ Britteena Stafford*
Britteena Stafford